FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8/4/26

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LYNN L. JACKSON,

　　　　　　　　　Plaintiff,

　　　v.

ASHLEY L. COXEN, "JOHN DOE" D. NILES, and DR. "JANE DOE" JACKS

　　　　　　　　　Defendants.

No.　2:26-cv-198-EFS

**ORDER DISMISSING FIRST AMENDED COMPLAINT**

Before the Court is Plaintiff's First Amended Complaint.[1] Plaintiff, a resident of Clarkston, Washington, has paid the full filing fee for this action challenging his treatment while housed at the Coyote Ridge Corrections Center (CRCC) in 2023.[2] He seeks $30,016,000.00

---

[1] ECF No. 7.

[2] ECF No. 1.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 1

for "emotional distress, mental anguish, damaged reputation, humiliation, loss of companionship, [and] defamation loss of 16 days of life[.]"[3] Defendant Ashley L. Coxen is represented by Assistant Attorney General Noelle Green.[4]

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect.[5] Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."[6] Furthermore, defendants not named in an amended complaint are no longer defendants in the action.[7] Accordingly, Defendant Washington Department of Corrections was terminated from this action.

Liberally construing the First Amended Complaint in the light most favorable to Plaintiff, however, the Court finds that it fails to cure

---

[3] ECF No. 7 at 13.

[4] ECF No. 4.

[5] *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

[6] *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted).

[7] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 2

all the deficiencies of the original Complaint and does not state a claim upon which relief may be granted.

## PLAINTIFF'S ALLEGATIONS

### *Count I:*

Plaintiff accuses Defendant Ashley Coxen of violating his First Amendment right to free speech.[8] He states that in 2023, he worked as a custodian in the medical department of the CRCC, and due to a staffing shortage in March 2023, he began working both the morning and evening shifts.[9] He claims that a non-party officer promised he "would be paid extra for working double," but he did not receive extra pay for March, and although he "worked double" for all of April 2023, he was not "paid extra."[10]

Plaintiff states that in early May 2023, he self-disclosed a developing relationship with a nurse at the facility to his counselor, knowing this "kind of relationship was not acceptable by the

---

[8] ECF No. 7 at 5.

[9] *Id.*

[10] *Id.*

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 3

Department of Corrections and could adversely affect us both."[11] He asserts that on May 5, 2023, he was directed to leave work and to return to his unit where he was instructed to "not return to work until told to do so." Plaintiff does not state the reason he was instructed not to return to work on May 5, 2023.

Plaintiff states that on May 10, 2023, he filed a grievance asking to be paid extra for his extra work in March and April, "and mentioned that the only reason I was working double was because the person responsible for hiring, Ashely Coxen, did not do her job of hiring someone else."[12]

Plaintiff states that on May 22, 2023, he was "served papers" stating he was "fired and infracted due to (1) Poor job performance, (2) Not showing up for work and (3) refusing to go to work when called to do so."[13] Plaintiff asserts "These were complete fabrications by Ashely Coxen. The same person who made me work double because she didn't

---

[11] *Id.*

[12] *Id.*

[13] *Id.* (as written in original)

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 4

do her job was now firing me for exposing her incompetence. She also claimed I tried to get out of work because of mental illness (a vicious lie) and tried to get out of work due to the death of a family member (another lie)."[14] Plaintiff counters that on April 16, 2023, when his father did die, and he was given the opportunity to take the day off, he "worked both shifts" as he "did every day in April 2023 because there was no one else to work." Plaintiff states that on the day of his father's funeral he worked both shifts, even though he had been "called out at 1:14 Am" for an "emergency clean up" and was "back to work at 9:00 AM to do it all over again."[15]

Plaintiff claims, "It is obvious I was fired in retaliation for filing a grievance because I was not fired for voicing my concern about a potential relationship (the truth). I was fired for poor job performance, not showing up for work and refusing to go to work when called (all lies)."[16] Plaintiff presents no facts from which the Court could infer

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at 6.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 5

that Defendant Coxen was aware of his grievance.

Plaintiff contends that his "time cards" show that the only time he "ever missed any work was due to medical emergencies related to [his] heart."[17] He does not state when this occurred.

Plaintiff challenges Defendant Coxen's alleged accusations of mental illness as slanderous. The Constitution, however, does not forbid libel and slander.[18] Injury to reputation is not a liberty or property interest protected by the due process clause of the Fourteenth Amendment, and therefore, this injury alone does not present an actionable claim under section 1983.[19]

Plaintiff accuses Defendant Coxen of fabricating a disciplinary report as punishment for filing a grievance in violation of the First Amendment. Again, he presents no facts from which the Court could infer that Defendant Coxen knew about the grievance he filed on May

---

[17] *Id.*

[18] *Siegert v. Gilley*, 500 U.S. 226 (1991); *Paul v. Davis*, 424 U.S. 693 (1976).

[19] *Paul*, 424 U.S. at 703.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 6

10, 2023, or that she infracted him on May 22, 2023.

Prisoners have no right to a job or program opportunities in prison.[20] Because there are no due process rights associated with jobs performed by inmates, Plaintiff failed to state a due process claim upon which relief may be granted regarding his firing in May 2023. To the extent he claims the firing was retaliatory for his grievance, he provides no facts linking the two events. His conclusory assertions of retaliation fail to state a claim upon which relief may be granted.[21]

---

[20] *See Sandin v. Conner,* 515 U.S. 472, 484 (1995); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *see also Bounds v. Miller-Stout,* No. 2008 WL 3891463 at * 2 (E.D. Wash. Aug. 19, 2008) (Washington statute RCW 72.09.460 regarding inmate participation in education and work programs does not create a liberty interest).

[21] *See Ashcroft v. Iqbal,* 556 U.S. 662, 678–79 (2009) (holding that the "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting the plausibility standard for pleading a § 1983 claim); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("Mere speculation that defendants acted

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 7

*Count II:*

Plaintiff accuses Defendants Ashley Coxen and Dr. "Jane Doe" Jacks of violating his Eighth Amendment rights.[22] He states that he has a heart condition called "supra ventricular Tachycardia (SVT)" for which he had an "episode" and required heart surgery in September 2021 and then he resigned from working in textiles due to his heart condition.[23]

Plaintiff states that in approximately June 2022, without applying for the job, he was hired to work as a custodian in the CRCC medical department and told to "report for duty."[24] Plaintiff asserts that "only the best people will get this job."[25] He speculates that

out of retaliation is not sufficient."); *Hentz v. Ceniga,* 402 F. App'x. 214, 215 (9th Cir. 2010) (recognizing that conclusory allegations of retaliation are insufficient to state a claim).

[22] ECF No. 7 at 6.

[23] *Id.*

[24] *Id.*

[25] *Id.*

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 8

"[d]uring the screening it would have been known that I had a heart condition and I should have been excluded. Ashley Coxen was the person responsible for hiring me with blatant disregard to my health and safety."[26]

Plaintiff states he "would have minor SVTs only about once every two months or so[,]" after his September 2021 surgery, but after he started working in the Medical Department in June 2022, he would have "SVTs twice or even three times a week due to stress and physical exertion."[27] He states that he attempted to resign in September 2020,[28] but Defendant Dr. Jacks called Plaintiff to her office, reviewed his medical records, and stated, "Oh, you do have a heart problem, but it's not that bad. You can keep working."[29] Plaintiff states he was told if he

---

[26] *Id.*

[27] *Id.* at 7.

[28] It appears this is a typographical error as Plaintiff indicates he did not start to work in the Medical Department until June 2022.

[29] ECF No. 1 at 7.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 9

quit, he would be infracted and lose good time.[30] He asserts that Defendant Dr. Jacks is not a cardiologist.

Plaintiff states that in November 2022, he suffered a "very bad SVT" and was taken to the hospital, but was "put back to work" the next day.[31] He asserts that after he was "yanked around by medical staff at the prison for several months I finally had a second heart surgery on February 28, 2023."[32] He indicates that after one week, he was "put back to work" in the same stressful environment.

Because these accusations regarding his heart condition fall outside of Washington's applicable three-year limitations period, they cannot form the basis for any claim upon which this Court may grant him relief.[33]

---

[30] *Id.*

[31] *Id.*

[32] *Id.*

[33] *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002); *Millay v. Cam*, 135 Wash.2d 193, 206 (1998) (requiring "bad

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 10

Further, to establish an Eighth Amendment violation, a prisoner must show that the prison official acted with deliberate indifference to plaintiff's health or safety. [34] Deliberate indifference exists when the prison official "acted or failed to act despite his knowledge of a substantial risk of serious harm."[35] Apart from his speculations, Plaintiff presents no facts from which the Court could infer that Defendant Coxen knew of a risk of serious harm to Plaintiff's health and safety and was deliberately indifferent to it.

Plaintiff's accusations against Defendant Dr. Jacks are also time-barred. Regardless, he indicated that she reviewed his medical records, determined he could work, and advised him that quitting work would result in an infraction. At worst, Plaintiff has alleged a difference of opinion regarding his fitness for work.

---

faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff," for equitable tolling to apply).

[34] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

[35] *Id*. at 842.

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 11

Differences in judgment between an inmate and prison medical personnel on appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim.[36] Thus, even if timely, Plaintiff's allegations against Defendant Dr. Jacks fail to state an Eighth Amendment claim upon which relief may be granted.

***Count III:***

Plaintiff accuses Defendants Ashley Coxen and "John Doe" Niles of violating his Fourteenth Amendment due process rights.[37] Plaintiff states that he was "served papers" on May 22, 2023, that fired and infracted him.[38] He states that Defendant D. Niles conducted the infraction hearing on May 25, 2023.[39]

Plaintiff claims that he was found guilty based "solely on the unsubstantiated fabrications and hearsay of Ashley Coxen."[40] He

---

[36] *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  .

[37] ECF No. 7 at 8.

[38] *Id.*

[39] *Id.*

[40] *Id.*

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 12

complains that Defendant Niles "refused to call any of the medical staff witnesses I named" and refused "to look at any evidence such as time cards or the grievance papers I filed against Ashely Coxen, because he said 'those are confidential.'"[41] Plaintiff contends that he granted permission to review them because he had written them.[42] He claims that Defendant Ashely Coxen filed false reports.[43]

Once again, an inmate has no constitutionally guaranteed protection against being wrongly accused of conduct; rather, he has a constitutional right not to be deprived of a protected liberty interest without due process.[44] Prisoners who are lawfully committed to a penal institution are not entitled to the full panoply of rights in disciplinary hearings which would be due in criminal prosecutions. [45] They do not

---

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] *See e.g. Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).

[45] *See Wolff v. McDonnell,* 418 U.S. 539, 556 (1974).

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 13

have an unfettered Sixth Amendment right to call witnesses of his choice and confront adverse witnesses.[46]

As noted in the Court's prior Order, there need only be "some evidence" to support a disciplinary finding.[47] The Court may not make its own assessment of the credibility of the witnesses or reweigh the evidence.[48] Therefore, to the extent Plaintiff may wish to proffer additional evidence and testimony,[49] it is not needed.

Plaintiff presents no facts supporting a claim that any disciplinary action taken against him, including the loss of good-time credits, violated due process.[50]

To the extent Plaintiff is challenging the deprivation of good time credits, he failed to show that the deprivation has been overturned

---

[46] *Id.* at 556; *Baxter v. Palmigiano*, 425 U.S. 308 (1976).

[47] *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *Toussaint v. McCarthy*, 801 F.2d 1080, 1104 (9th Cir. 1986).

[48] *Hill,* 472 U.S. at 455.

[49] ECF No. 7 at 6 and 8.

[50] *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 14

through an appropriate state court proceeding or federal habeas corpus proceeding.[51]  Regardless, a habeas challenge to a loss of good time credits is rendered moot by one's release from custody where the discipline had no collateral consequences that followed release.[52]

## DISMISSAL

The Court cautioned Plaintiff that if he chose to amend and the Court found the First Amended Complaint was frivolous, malicious, or failed to state a claim, the amended complaint would be dismissed.[53] The Court finds that Plaintiff's allegations are insufficient to state a plausible claim for relief.

Accordingly, **IT IS HEREBY ORDERED**:

1.    The First Amended Complaint, ECF No. 7, is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may

---

[51] *See Edwards v. Balisok,* 520 U.S. 641, 643 (1997) (applying *Heck v. Humphrey,* 512 U.S. 477, 486–87 (1994), to prison disciplinary proceedings).

[52] *Nonnette v. Small,* 316 F.3d 872, 875–76 (9th Cir. 2002

[53] *See* 28 U.S.C. § 1915(e)(2).

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 15

be granted under 28 U.S.C. § 1915(e)(2).

2.      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

3.      This case is **DISMISSED** and **CLOSED**.

IT IS SO ORDERED. The Clerk's Office is directed to file this order, enter judgment, and provide copies to Plaintiff.

DATED this 4th day of August 2026.

_____
EDWARD F. SHEA
Senior United States District Judge

ORDER DISMISSING FIRST AMENDED COMPLAINT -- 16